1
2
3
4
5

Elizabeth D. Tate AZ Bar No. 032659
Elizabeth D. Tate Attorney at Law
2953 N. 48th Street
Phoenix, AZ 85016
Telephone (602) 670-4653
Fax (602) 595-5959
Attorney for Plaintiff Luis E. Contreras

6
7
8

### IN THE UNITED STATES DISTRICT COURT FOR THE

9
10

### DISTRICT OF ARIZONA

11
12
13
14
15
16
17
18
19

| Luis E. Contreras | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| City of Nogales, Officer Andres Palafox, | ) | |
| in his official and individual capacities, | ) | |
| Officer Martin Quezada, in his official and | ) | |
| individual capacities, HCH Tucson Holdings | ) | |
| LLC | ) | |
| d/b/a Carondelet Holy Cross Hospital, | ) | |
| Defendants. | ) | |

20
21
22
23

COMES NOW, Plaintiff Luis E. Contreras, by and through his attorney of record, Elizabeth Tate, and hereby submit his Complaint against Defendants, and each of them, and alleges as follows:

24
25
26

/ / /

/ / /

/ / /

27
28

**NATURE OF THE ACTION**

**1.**      This is an action brought by Plaintiff for compensatory injunctive and declaratory relief and damages against the City of Nogales and its Police Officers, Palafox, Quezada, and HCH Tucson Holdings, LLC d/b/a Carondelet Holy Cross Hospital. Plaintiff's Fourth Amendment rights under the U.S. Constitution were violated, through 42 U.S.C. Section §1983 and the Defendants assaulted, battered, maliciously prosecuted, abused process, intentionally inflicted emotional distress and falsely arrested and imprisoned  Plaintiff giving rise to   the state law claims.

**PARTIES, JURISDICTION AND VENUE**

**2.**      At all times relevant hereto to this action, Plaintiff, Luis E. Contreras (hereinafter "Plaintiff"), was a resident of Pasco, Washington.

**3.**      Always relevant hereto this action, Defendant, Andres Palafox (hereinafter "Palafox"), was a resident of Santa Cruz County, Arizona and employed by the City of Nogales as a police officer.

**4.**      Always relevant hereto this action, Defendant, Officer Quezada (hereinafter "Quezada"), was a resident of Santa Cruz County, Arizona and employed as police officer with the City of Nogales.

**5.**      Always relevant hereto this action, Defendant, City of Nogales, was a municipal corporation, which has an established the City of Nogales Police Department, established for serving and protecting residents of Nogales, Arizona. City of Nogales is the employer of Defendants Palafox and Quezada are responsible for their torts under the theory of respondeat superior.  City of Nogales is liable for Defendants Palafox and Quezada violation of Contreras's Fourth Amendment rights because the officers acted pursuant to a policy of excessive force and failure to train its officers in handling citizens who refused

medical treatment. The City of Nogales, its Officers Palafox and Quezada are collectively referred to as the "Nogales Defendants."

**6.** Always relevant hereto this action, Defendant HCH Tucson Holdings, LLC, d/b/a Carondelet Holy Cross Hospital is a private hospital whose medical staff assisted the Nogales officer's perpetration of illegal acts against Contreras. Defendant HCH Tucson Holdings, LLC d/b/a Carondelet Holy Cross Hospital is responsible for its employees' torts under the theory of respondeat superior.

**7.** This Court has subject matter jurisdiction for the federal claim herein because it arises from federal statutes, 28 U.S.C. 1331, and as provided by 28 U.S.C. 1343(a) (3,4). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. 1367(a).

**8.** This Court (Tucson Division) is the proper venue for this action pursuant to 28 U.S.C. 1391o (b) (1, 2).

## CONDITION PRECEDENT

**9.** Prior to the institution of this lawsuit, Plaintiff, filed written notice of claim with the Nogales City Clerk on November 6, 2019 perfecting service on the City and each Defendant Officer.

**10.** Defendants failed to respond to Plaintiff within the 60-day timeframe allotted by the Statute.

**11.** All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

**12.** On May 11, 2019, Plaintiff, a truck drive had just returned from making deliveries in Mexico. Plaintiff parked his semi-truck and walked to an IHOP restaurant located at 1671 N. Industrial Park Drive in Nogales to get water and order a meal.  It was an extremely hot day. Plaintiff entered the IHOP and

ordered water and prepared to order his meal. Shortly thereafter, a waitress approached Plaintiff to take his order. Plaintiff informed the waitress he still needed more time and requested more water.

13.     A few minutes later, Officers Palafox and Quezada arrived at the IHOP and approached Plaintiff at his table to ask him questions.  Plaintiff who was minding his own business asked the officers if there was a problem. Plaintiff informed the officers that no one at the restaurant had asked him to leave so there should not be any problems.  Officers Palafox and Quezada then asked Plaintiff to step outside.

14.     Plaintiff followed the officers outside who directed him to sit on the sidewalk.  Plaintiff sat down on sidewalk and the officers began questioning him about whether he used drugs.  Plaintiff informed the officers that he did not use drugs.   The officers kept insisting to Plaintiff that it looked like he was high on drugs.  A few more minutes passed, and an ambulance arrived on the scene.

15.     Officers Palafox and Quezada instructed Plaintiff to get into the ambulance where he was made to lie on a bed. The EMTs then evaluated Plaintiff and indicated that Plaintiff was fine.  At that point, Plaintiff asked to be left alone and declined any further medical treatment.   But Officers Palafox and Quezada instructed the EMTs to transport Plaintiff to Carondelet Holy Cross Hospital for more testing and followed behind the ambulance in their police cars.

16.     Once at the hospital a doctor at the hospital ordered Plaintiff to lay down on a hospital bed.  Plaintiff did not want to lay down, refused medical treatment and headed toward the exist.   The doctor then looked at Officers Palafox and Quezada and order them to "get him" meaning to stop Plaintiff from leaving.  The officers grabbed Plaintiff by the arms as Plaintiff tried to leave.  As Plaintiff headed toward the exit, Officers Palafox and Quezada tackled Plaintiff to the ground.  One of the officers then forcefully hit Plaintiff in

the head.  Plaintiff continued to try to leave and one officer drew his taser. One of the doctors yelled to the officer, "Make sure that's not a real gun." Officers Palafox and Quezada continued to beat Plaintiff up and tasered him until one of the doctors stated, "That's enough." The doctor then ordered the officers to place Plaintiff on a hospital bed where they handcuffed Plaintiff to the hospital bed.

17.   Two nurses then came in the room. The male nurse then began extracting urine from Plaintiff's penis with a small tube causing excruciating pain. The female nurse then inserted a needle into Plaintiff's arm to take a blood sample.  Some time later, the nurses returned to the room to inform Plaintiff that all the tests they had taken against his will were negative.  Plaintiff repeated to all that he did not use drugs nor was he on drugs and asked to leave.

18.   Officers Palafox and Quezada informed Plaintiff that he could leave because they were pressing charges against him. The officers then took Plaintiff to jail charging him with 3 counts of aggravated assault, resisting arrest, assault, and criminal damage. Plaintiff spent the night in jail, but Plaintiff had done nothing wrong.

19.   The following day on May 12, 2019, Plaintiff's father came to Nogales to bail Plaintiff out of jail.  On May 15, 2019, Plaintiff appeared for his court hearing. After being misdirected to the court that was handling the charges, Plaintiff learned that all charges against him had been dismissed.

20.   The City of Nogales had a custom and/or policy of using excessive force against its citizens and failing to train its officers handling citizens that refuse medical treatment and proper use of tasers.

21.   These Nogales police officers have not been meaningfully disciplined or trained concerning their actions and are emboldened to violate citizens' rights with no accountability to their superiors.

**22.**     Defendants Palafox and Quezada used excessive force and falsely arrested Plaintiff without probable cause because they had no fear of discipline as City of Nogales had not disciplined its police officers in the past for constitutional violations. The Nogales Defendants then abused process and maliciously prosecuted Plaintiff for assault and other charges that were dismissed.

///
///
///

## COUNT I

### (42. U.S.C. § 1983- Excessive Force and False Arrest in violation of the Fourth and Fourteenth Amendments the Nogales Defendants)

26     Plaintiff incorporates by this reference each allegation previously made in this Complaint, as if fully set forth herein.

27     All individual Nogales Defendants to this claim, always relevant hereto, were acting under the color of state law in their capacity City of Nogales police officers and their acts and omissions were conducted within the scope of their official duties or employments.

28     At the time of the complained of events, Plaintiff had a clear constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force and false arrest and to refuse medical treatment.

29     The Nogales Defendants knew or should have known these rights at the time of the complained of conduct as they were clearly established at the time.

30     The Nogales Defendants acts and use of force, as described herein, were objectively unreasonable considering the facts and circumstances confronting them and violated Fourth Amendment rights of Plaintiff.

31     The Nogales Defendants actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to

Plaintiff's federally protected rights.  The force and detainment used by the Nogales Defendants violated Fourteenth Amendment rights of Plaintiff.

32    The Nogales Defendants unlawfully seized and detained Plaintiff by means of objectivity unreasonable, excessive, and physical force, thereby unreasonably bruising and detaining Plaintiff. The Nogales Defendants lacked probable cause to arrest Plaintiff who had did nothing wrong, simply refusing medical treatment.

33    The Nogales Defendants failed to take reasonable steps to protect Plaintiff from objectively excessive force    and therefore each are liable for the injuries and damages resulting in force of each Nogales Defendant.

34    The acts and/or omissions of all individual Nogales Defendants were moving forces behind Plaintiff's injuries.

35    As a direct and proximate result of the Nogales Defendants' unlawful conduct, Plaintiff suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages in amounts to be determined at trial.  As further result of the Defendants' unlawful conduct, Plaintiff has general damages in amounts to be established at trial.

36    In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant Officers    under 42. U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with reckless or wanton disregard of the constitutional rights of Plaintiff.

### Count II – CIVIL ASSAULT AND BATTERY AS ALL DEFENDANTS

37 . Plaintiff incorporates by reference the preceding paragraphs of this
        Complaint as if fully set forth herein.

38.      Defendants Palafox and Quezada together with medical staff at Carondelet Holy Cross Hospital grabbed hold of Contreras and forcibly extracted urine from Plaintiff's penis with tube and drew blood with a needle from Plaintiff without Plaintiff's consent.  Defendants handcuffed Plaintiff to a hospital bed intending to

cause harmful offensive conduct.  Plaintiff experienced excruciating pain and extensive bruising.

39.     Plaintiff was placed in apprehension of danger, reasonably believing that he was about to be touched and was touched in an offensive way when Defendants grabbed him, forcibly treated him, and chained Plaintiff to a hospital bed. Plaintiff did not consent to Defendant's conduct and was harmed. Defendants' conduct was a substantial factor in the harm caused to Plaintiff.

40.     Medical staff of Carondelet Holy Cross Hospital performed medical procedures on Plaintiff without Plaintiff's consent which amounted to common law battery.

46.     Defendants Palafox and Quezada used excessive force while Plaintiff was at the Carondelet Holy Cross Hospital.

47.     Because of Defendants use of excessive force Plaintiff suffered serious bodily injury.

48.     Defendant City of Nogales is the employer of Defendants Palafox and Quezada and is responsible for the defendant officers' actions under the legal theory of respondeat superior.

49.     Defendant Carondelet Holy Cross Hospital is the employer of its medical staff which assisted Defendants Palafox and Quezada and is responsible for their employee's actions under the legal theory of respondeat superior.

50.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered actual physical and emotional injures and other damages and losses as described herein entitling him to compensatory and general damages in amounts to be established at trial.

## COUNT IV – MALICIOUS PROSECUTION AND ABUSE OF PROCESS AS TO THE NOGALES DEFENDANTS

51.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

52.     The Nogales Defendants instituted criminal proceedings against Plaintiff that terminated in Plaintiff's favor when they were dismissed.

53.     The Nogales Defendants possessed actual malice because the charges were brought to cover up the needless beating Officers Palafox and Quezada had inflicted on Plaintiff and were a needless brandishing of their power over Plaintiff as police officers.

54.     The Nogales Defendant lacked probable cause to charge Defendant with crimes because he was not bothering anyone, simply drinking water at the IHOP, and preparing to order a meal.  The Nogales Defendants willfully abused its use of the legal process to cover up their assault on Plaintiff and intimidate the Plaintiff.

55.     Plaintiff has been damaged because of the baseless charges against him having to spend the night in jail and to post bond.  Plaintiff experience shame and fright having to spend the night in jail and to call his father for help to get out the circumstances the Nogales Defendants created for him.

## COUNT V INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO ALL DEFENDANTS

56.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

57.     The Defendants engaged in reckless, intentional conduct to attack Plaintiff and not permit him to leave, handcuffing him to a hospital bed while medical staff inserted a tube into his penis and drew blood against Plaintiff's will.

58.     This behavior was extreme and outrageous and utterly intolerable in a civilized society.

59.     The Defendants intended to cause injury to Plaintiff because they despised him for his refusal to be medically treated and insisted on his personal freedom to refuse medical treatment.

## COUNT VI COMMON LAW FALSE ARREST AND FALSE IMPRISONMENT AS TO THE ALL DEFENDANTS

60.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

61.     The Defendants detained Plaintiff at the hospital   without lawful authority and no legal basis after Plaintiff refused medical treatment and tried to leave the hospital.

62.     The Defendants unlawful detention of Plaintiff was without Plaintiff's consent and without lawful authority and was achieved by handcuffing Plaintiff to a hospital bed.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all his claims, pursuant to the U.S. Constitution Seventh Amendment and Federal Rules of Civil Procedure Rule 38 (a, b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, reserves the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, prays judgment against the Defendants, and each of them, as follows:

1.     An order awarding Plaintiff actual and compensatory damages for violations of civil rights and restitution in an amount according to proof a time of trial.

2.     An order awarding Plaintiff actual, punitive and compensatory damages in compensation for unreasonable excessive use of force, false arrest, civil assault and battery, malicious prosecution/abuse of process  and intentional infliction of emotional distress;  Plaintiff does not seek punitive damages against Defendant City of Nogales.

3.     An order awarding Plaintiffs reasonable attorney's fees and costs.

4.     An order awarding Plaintiff prejudgment interest according to proof; and

5.     For such other and further relief as the Court deems just and proper.

DATED this 8th day of May 2020

ELIZABETH D. TATE ATTORNEY AT LAW

By:/s/ Elizabeth D. Tate
_____

ELIZABETH D. TATE

*Attorney for Plaintiff*