**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis E Contreras, | No. CV-20-00199-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| City of Nogales, et al., | |
| Defendants. | |

On May 8, 2020, the Plaintiff filed a Complaint alleging violations of his constitutional rights under the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983. He alleges that his right to refuse medical treatment was violated by the individual Defendants, police officers Palafox and Quezada. He alleges the Defendant, the City of Nogales is liable for its unconstitutional policy, including failure to train officers in the use of tasers on citizens who refuse medical treatment. In addition to raising constitutional claims, he alleges state law claims for assault and battery, malicious prosecution and abuse of process, intentional infliction of emotional distress (IIED), and false arrest and imprisonment.

Defendants, the City of Nogales and Officers Palafox and Quezada responded to the Complaint with a Motion to Dismiss, pursuant to Fed. R. Civ. P.12(b)(6), for failure to state a claim. To survive the motion, the Court looks solely to the facts alleged in the Complaint; Plaintiff must have alleged facts sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Allegations

1  of specific facts in the Complaint are presumed to be true for Rule 12(b)(6) purposes. *Lee v. City of Los Angeles*, 250 F. 3d 668, 681 (9th Cir., 2001) "We accept as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party." *Id*. The factual allegations in the Complaint need to only plausibly suggest an entitlement to relief. *Starr v. Baca,* 652 F.3d 1202, 1216-17 (9th Cir. 2011). Plausibility is not probability, but it is more than a mere possibility. The question at the pleading stage is whether Plaintiff alleges enough facts to raise a reasonable expectation that discovery will reveal evidence to support the allegations. *Id.*

On a Rule 12(b)(6) motion to dismiss, the Court does not resolve factual disputes between parties on an undeveloped record, but instead determines whether the pleading states a sufficient claim to warrant allowing the Plaintiff to attempt to prove his case. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). This high standard at the pleading stage makes Rule 12(b)(6) motions disfavored. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1269 (9th Cir. 1987); *Williams v. Gorton* 529 F.2d 668, 672 (9th Cir. 1976).

As laid out in the Complaint by the Plaintiff, he was a truck driver and had just returned from making deliveries in Mexico. He parked his truck and walked to IHOP to get water and a meal. He had not ordered yet but had asked for water. Defendants Palafox and Quezada were called to the scene. They asked him to step outside. He did. They asked him to sit on the curb. He did. They asked if he was using drugs, and he said no. He does not use drugs. They called EMTs and asked them to check Plaintiff. They did and said he was ok. At this point, Officers Palafox and Quezada instructed the EMT's to transport the Plaintiff to the hospital for more testing. He alleges he declined any further medical treatment, but there are no allegations of restraint, intimidation, or force related to the ambulance trip to the hospital.

Plaintiff alleges that once at the hospital, the doctor told him to lie down on a bed. He refused and began to walk out of the hospital. He alleges the doctor said, "Get him." He alleges that Officers Palafox and Quezada tackled him to the ground, used a taser on him, and hit him on the head. Then, they handcuffed him to a hospital bed where urine and

blood were removed from his body by force, without his permission. Then, Officers Palafox and Quezada arrested him and took him to jail for aggravated assault, resisting arrest, assault and criminal damage. All charges were later dismissed. (Complaint (Doc. 1) ¶¶ 11, 16, 18-19.)

These facts form the basis for Plaintiff's constitutional claims against Officers Palafox and Quezada, including the violation to his right to decline medical treatment, and Fourth and Fourteenth Amendment violations for seizure and arrest without probable cause and excessive use of force. He alleges a *Monell*[1] claim against the City of Nogales for failing to properly train officers in the constitutional right to refuse medical treatment and the use of tasers.

The Defendants challenge the Plaintiff's Complaint as insufficient because it fails to allege facts addressing the Officers' conduct in the context of their power to enforce Arizona lawful detentions of mentally ill persons if there is probable cause to believe that person is a danger to himself or others. A.R.S § 36-525. Police officers may also detain individuals under their community caretaker function to ensure the safety of the public or the individual. Defendants assert this is a legal proposition, not a factual distinction, which is apparent from the facts alleged in the Complaint: Officers Palafox and Quezada were summoned in respect to the Plaintiff, they spoke with him before proceeding to call EMTs and, subsequently, needed to transport him to the hospital for further testing to evaluate him for drugs or mental illness. According to the Defendants, the facts alleged by the Plaintiff reflect their conduct was taken in the context of needing to determine Plaintiff's mental health, personal safety, or the safety of the public. Therefore, he must allege facts reflecting this conclusion as unreasonable to allege that there was no probable cause for his detention. In other words, he had no constitutional right to refuse medical treatment because the facts alleged in his Complaint reflect that Defendants reasonably believed he posed a safety risk to himself or others.

---

[1] *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978) (under 42 U.S.C. § 1983 there is no theory of *respondeat superior* liability, but a municipality is responsible for a constitutional violation caused by an official municipal policy, including those reaching training and supervision).

Defendants go too far in suggesting the Plaintiff must allege facts challenging the constitutionality of Defendants' conduct in the context of A.R.S. § 36-525 or their general community caretaker function. He does not allege any facts, except the assertion that police were summoned, to suggest Defendants' caretaker role was in play. He does allege that he was just sitting in IHOP waiting to be served, and that no one at IHOP asked him to leave or complained of his behavior. He also alleges that he voluntarily went outside and sat on the curb, as requested by the Defendants, and cooperated with them by answering questions that he did not use drugs and was not on drugs, and he let the EMT's check him out. The facts alleged by the Plaintiff as to what happened at the hospital are that he decided to refuse medical treatment and leave before the doctor had evaluated him. Plaintiff has pleaded facts to support his constitutional claims that Defendants violated his constitutional right to refuse medical care when they refused to allow him to leave the hospital. Arguably, there was no detention because the Plaintiff believed he was free to leave up to the point in time when he was not, which was when he was forcibly detained at the hospital by the Defendants. There are no facts alleged by the Plaintiff upon which this Court could rely to grant qualified immunity for the Defendants.

The Court denies the Motion to Dismiss the Plaintiff's constitutional claims. His state law claims will rise or fall with these. As for the *Monell* claim, the Plaintiff challenges the City's training of officers regarding the constitutional rights at issue in the claims against the individual officers. The *Monell* claim remains, and in the event such a policy is established, injunctive relief may be available. The Court cannot say that the Plaintiff has the ability to avoid future injury by not engaging in illegal conduct. (Reply (Doc. 18) at 7 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). There is a claim that Defendants and other City of Nogales officers make retaliatory arrests when individuals refuse mental health evaluations. Such conduct, if proven, would be subject to injunctive and declaratory redress.

**Accordingly,**

**IT IS ORDERED** that the Motion to Dismiss (Doc. 16) is DENIED.

1   **IT IS FURTHER ORDERED** that the Defendants shall file Answers within 21 days of the filing date of this Order.

Dated this 23rd day of October, 2020.

David C. Bury
United States District Judge