**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis E Contreras, | No. CV-20-00199-TUC-DCB |
| Plaintiff, | **AMENDED[1] ORDER** |
| v. | |
| City of Nogales, et al., | |
| Defendants. | |

On September 8, 2022, the Court granted summary judgment for the Defendant City of Nogales dismissing the municipal liability claim alleged under *Monell*. The Court denied summary judgment for the City of Nogales Police Officers Palafox and Quezada rejecting their assertion of qualified immunity. The Court granted summary judgment for the hospital Defendants, including Defendant Dr. Reid, on the state law claims of intentional infliction of emotional distress. The claims remaining for trial are as follows: Count I, Plaintiff's alleged § 1983 claims for excessive force and false arrest in violation of the Fourth Amendment against Defendants Nogales Police Officers Palafox and Queada; Count II, Plaintiff's alleged state law claims of assault and battery against Palafox and Quezada, alleging vicarious liability against the city, and state law medical battery claims against Dr. Reid, alleging vicarious liability against the hospital, and Count VI, Plaintiff's alleged state law claims of intentional infliction of emotional distress against the police officers and Dr. Reid, alleging vicarious liability by the city and the hospital, respectively.

---

[1] Amended to correct typo this page to reflect Count VI, not Count V, remains.

*See* (Order (Doc. 123) at 45-46.)

The Defendants City of Nogales Police Officers Palafox and Queada have appealed the Court's denial of qualified immunity. The City of Nogales Defendants filed a Motion to Stay the Proceedings pending the outcome of the appeal. Qualified immunity "is an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which plaintiff complains violated clearly established law." *Mitchell v. Forsythe,* 472 U.S. 511, 526 (1985). "The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity is effectively lost if a case is erroneously permitted to go to trial." *Id.* Consequently, an interlocutory appeal is not precluded, and a denial of qualified immunity is immediately appealable on the legal issues. *See* (Motion for Stay (Doc. 127) at 4 (citing *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011); *Crawford-El v. Britton*, 523 U.S. 574, 600 n. 21 (1998); *Behrens v. Pelletier*, 516 U.S. 299 (1996); *Walker v. City of Orem*, 451 F.3d 1139, 1146, n. 5 (10th Cir. 2006); *Scott v. Harris*, 550 U.S. 372, 376, n. 2 (2007); *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1067 (9th Cir. 2012); *Wilkinson v. Torres*, 610 F.3d 546, 549-50 (9th Cir. 2010); *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 968 (9th Cir. 2010); *Rodis v. City & County of San Francisco*, 558 F.3d 964, 968 (9th Cir. 2009); *Bingue v. Prunchak*, 512 F.3d 1169, 1172 (9th Cir. 2008))).

The Court rejects the Plaintiff's argument that the interlocutory appeal is precluded and is frivolous. While it is true that the courts of appeals are vested with jurisdiction over appeals only from "final decisions" of the district courts, a final decision is not necessarily the last order issued in a case; a decision of a district court is appealable if it falls within "'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Mitchell*, 472 U.S. at 524–27 (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)). The earmark of a "collateral order" is that "'unless it can be reviewed before [the proceedings terminate], it can never be reviewed at all.'" *Id.*

1  (quoting *Stack v. Boyle*, 342 U.S. 1 (1952) (opinion of Jackson, J.)). "Thus, the denial of a
2  substantial claim of absolute immunity is an order appealable before final judgment, for
3  the essence of absolute immunity is its possessor's entitlement not to have to answer for his
4  conduct in a civil damages action." *Id.* The doctrine of qualified immunity shares this
5  essential attribute of being an absolute immunity from suit. *Id.* "The entitlement is an
6  immunity from suit rather than a mere defense to liability; and like an absolute immunity,
7  it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 526.

8      "An appealable interlocutory decision must satisfy two additional criteria: it must
9  'conclusively determine the disputed question,'" . . . and that question must involve a
10 'clai[m] of right separable from, and collateral to, rights asserted in the action[.]'" *Id.* at
11 527 (internal citations omitted). "The denial of a defendant's motion for dismissal or
12 summary judgment on the ground of qualified immunity easily meets these requirements."
13 *Id.* It is "conclusive" if the trial court concludes that even if the facts are as asserted by the
14 defendant, the defendant's actions violated clearly established law and are therefore not
15 within the scope of the qualified immunity because then there is nothing in the subsequent
16 course of the proceedings that can alter the district court's conclusion that the defendant is
17 not immune from suit. *Id.* "*Alternatively, the trial judge may rule only that if the facts are*
18 *as asserted by the plaintiff, the defendant is not immune. At trial, the plaintiff may not*
19 *succeed in proving his version of the facts, and the defendant may thus escape liability.*
20 *Even so, the court's denial of summary judgment finally and conclusively determines the*
21 *defendant's claim of right not to stand trial on the plaintiff's allegations, and because*
22 *'[t]here are simply no further steps that can be taken in the District Court to avoid the trial*
23 *that the defendant maintains is barred[.]'" Id.*

24     This latter scenario reflects the findings in this Court, which "determined that based
25 on the facts alleged by the Plaintiff, Officers Queada and Palafox arguably violated
26 Plaintiff's Fourth Amendment right against the use of excessive force, (Order (Doc. 123)
27 at 15), and found the constitutional right to be clearly established, *id.* at 15-22. In other
28 words, the Court found that Defendant Police Officers Queada and Palafax are not immune

from suit. At trial, the Plaintiff may not succeed in proving his version of the facts and the Defendants may thus escape liability. Even so, the Court's denial of summary judgment finally and conclusively determines the Defendants' claim of a right not to stand trial on the Plaintiff's allegations. The Court's decision to deny qualified immunity is collateral and appealable.

The Court must consider whether to stay the case in its entirety or bifurcate the trial between the city Defendants and the hospital Defendants. The Court understands that a certain amount of prejudice arises from any delay because witnesses' memories fade with time. It is, however, the Court's experience that appellate review of qualified immunity decisions is fairly expeditious. The Court recognizes that the trial could be bifurcated because even though the claims against both sets of Defendants arise from the same circumstances, the relevant facts, issues, and law related to liability differ between the two sets of Defendants. Nevertheless, bifurcation would necessarily require duplication in the presentation of the underlying facts of the case.

The hospital Defendants do not object to bifurcation, but the Court finds that the interests of judicial economy cut against bifurcation of the trial. One trial instead of two results in the best use of the parties and the Court's resources. The case is trial ready; the Joint Proposed Pretrial Order was filed on November 7, 2022. Nothing remains but the trial. Accordingly, the Court shall stay the case in its entirety, without prejudice to reurging bifurcation in the event appellate review is not timely concluded.

**Accordingly,**

**IT IS ORDERED** that the Motion to Stay (Doc. 127) is GRANTED.

/////
/////
/////
/////
/////
/////

**IT IS FURTHER ORDERED** that the City of Nogales shall file status reports every three months regarding the pendency of the appeal.

Dated this 22nd day of November, 2022.

_____
Honorable David C. Bury
United States District Judge